## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NANCY MACE<br>1486 Wando Landing<br>Charleston, SC 29492, | Civil Action No. _____ |
| *Plaintiff*, | THREE-JUDGE COURT REQUESTED |
| v. | |
| FEDERAL ELECTION COMMISSION<br>1050 First Street NE<br>Washington, D.C. 20463, | |
| *Defendant*. | |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

### INTRODUCTION

1.      This case is about the right of Plaintiff Nancy Mace, a recently re-elected South Carolina state representative, to form a federal SuperPAC which may accept unlimited contributions, including contributions from corporations, and make unlimited independent expenditures from those funds to support female conservative candidates for federal office in the most fully transparent method possible. More broadly, this case presents the fundamental question of whether the U.S. Federal Election Commission ("FEC") may needlessly restrict the First Amendment rights of over a half-million state and local elected officials throughout the nation, as well as countless other candidates for such offices.

2.      In *Citizens United v. FEC*, 558 U.S. 310 (2010), the U.S. Supreme Court reaffirmed independent expenditures, by definition, do not create a risk of actual or apparent corruption of federal officeholders. An independent expenditure is an expenditure made to influence a federal election that is not coordinated with a federal candidate or political party.

3.      Building on this precedent, in *SpeechNow.org v. FEC*, 599 F.3d 686, 689 (D.C. Cir. 2010) (en banc), the D.C. Circuit, sitting *en banc*, held political committees which exclusively make independent expenditures and do not contribute to federal candidates or political parties (*i.e.*, SuperPACs) may both accept unlimited contributions and make unlimited expenditures from those funds. *SpeechNow.org* recognized the First Amendment protects the right of Americans to form SuperPACs.

4.      52 U.S.C. § 30125(f)(1) prohibits any agent of a state officeholder or candidate, including a SuperPAC organized and controlled by such individuals, from making certain independent expenditures unless the funds were raised in accordance with federal limits.

5.      The U.S. Supreme Court has never squarely addressed the issue of whether, under the First Amendment, § 30125(f)(1) may prohibit state officeholders or candidates from forming SuperPACs. In *McConnell v. FEC*, 540 U.S. 93, 133-34, 185 (2003) (opinion of Stevens & O'Connor, JJ.), a divided Court upheld the facial constitutionality of § 30125(f)(1). *Citizens United*, however, subsequently rejected *McConnell*'s narrow conception of corruption, while *SpeechNow.org* subsequently recognized the constitutional right of SuperPACs to both accept unlimited contributions and make unlimited independent expenditures from those funds.

6.      Both U.S. Supreme Court and D.C. Circuit precedent require this court to hold state officeholders and candidates have a First Amendment right to form SuperPACs which may accept unlimited contributions and engage in unlimited independent expenditures. Preventing state officeholders and candidates such as Plaintiff Nancy Mace from forming SuperPACs is a substantial burden on their fundamental First Amendment rights, places them at a severe disadvantage in communicating their ideas to the public, and impermissibly reduces political expression in the marketplace of ideas.

## JURISDICTION AND VENUE

7.     This Court has jurisdiction over this case under 28 U.S.C. § 1331 because Plaintiff's claims arise under the First Amendment and 28 U.S.C. § 2201-02 because Plaintiff seeks a declaratory judgment.

8.     This Court is the proper venue for this action under the Bipartisan Campaign Reform Act ("BCRA"), Pub. L. No. 107-155, § 403(a)(1), 116 Stat. 81, 113 (Mar. 27, 2002), because it is a constitutional challenge to a provision of, and amendment made by, BCRA. Venue is also proper in this Court under 28 U.S.C. § 1391(e)(1)-(2), because the defendant is a federal agency which "resides" in this district and a substantial amount of the events and omissions giving rise to Plaintiff's claims occurred here.

9.     Pursuant to BCRA § 403(a)(1) and 28 U.S.C. § 2284(a), this case must be heard by a three-judge panel of this Court.

## PARTIES

10.     Plaintiff NANCY MACE is a member of the South Carolina House of Representatives and intends to run for re-election in 2020.

11.     Defendant FEDERAL ELECTION COMMISSION ("FEC") is an independent federal agency charged with enforcing federal campaign finance laws, including BCRA. Its principal place of business is in Washington, D.C.

## MACE'S PROPOSED SUPERPAC

12.     Mace wishes to form a federal political committee for the purpose of promoting conservative female candidates for federal office ("Proposed SuperPAC").

13.     The Proposed SuperPAC will be neither authorized by any federal candidate nor connected to any corporation, union, political party, or other entity.

14.     Mace intends to be the sole person who maintains and controls the Proposed SuperPAC. She will exercise exclusive decision-making authority over the committee, including determining the candidates its independent expenditures will support or oppose, making hiring and other managerial decisions, and approving all potential communications.

15.     The Proposed SuperPAC may hire vendors who will have limited authority to make routine decisions relating to the services they provide, but Mace will retain all substantive decision-making authority.

16.     Mace has no current intention to invite other individuals to share in the management of the Proposed SuperPAC.

17.     Mace intends her Proposed SuperPAC will not make contributions to candidates for any local, state, or federal office. Nor will her Proposed SuperPAC coordinate its expenditures with any federal candidates, political parties, or other political committees. Rather, the Proposed SuperPAC will exclusively make independent expenditures. Consequently, it would qualify as an independent-expenditure only committee or, colloquially, a SuperPAC.

18.     The Proposed SuperPAC's independent expenditures will include newspaper, magazine, broadcast, cable, and/or mass mailing political communications which promote, support, attack, or oppose clearly identified candidates for federal office. Its advertisements will reference individuals other than Mace or other candidates for Mace's seat, District 99 State Representative. *Cf.* 52 U.S.C. § 30125(f)(2).

19.     The Proposed SuperPAC's independent expenditures will solely support or oppose candidates for federal office, and not for state or local office. In particular, Mace wishes to use her Proposed SuperPAC to support the election of conservative female candidates to federal office.

20.     Mace intends to initially fund the Proposed SuperPAC by transferring the remaining funds from the federal campaign committee from her 2014 Senate run, Friends of Nancy Mace (ID #S4SC00281), then soliciting additional contributions to the Proposed SuperPAC.

21.     Consistent with the D.C. Circuit's ruling in *SpeechNow.org*, Mace wishes to solicit, and for her Proposed SuperPAC to accept, contributions from individuals and other political committees in excess of the $5,000 annual limit set forth in 52 U.S.C. § 30116(a)(1)(C), (a)(2)(C). She also wishes for her Proposed SuperPAC to accept contributions from corporations that would otherwise be prohibited by 52 U.S.C. § 30118.

22.     Mace wishes to use those funds, including funds raised in excess of § 30116(a)(1)(C) and (a)(2)(C)'s limits and contrary to § 30118's prohibitions, to subsidize its independent expenditures, including those described in Paragraphs 17 through 19.

23.     Mace's Proposed SuperPAC is legal under South Carolina law. In any event, any South Carolina laws concerning Mace's activities relating to federal elections, including the formation and operation of a federal SuperPAC, are preempted. 52 U.S.C. § 30143.

### BCRA'S PROHIBITION ON MACE'S PROPOSED SUPERPAC

24.     The Federal Election Campaign Act ("FECA"), as amended by the Bipartisan Campaign Reform Act ("BCRA"), prohibits any person or multicandidate political committee ("multicandidate PAC") from contributing more than $5,000 to a political committee other than a candidate committee or political party committee. 52 U.S.C. § 30116(a)(1)(C), (a)(2)(C).

25.     In *SpeechNow.org*, 599 F.3d at 689, the D.C. Circuit, sitting *en banc*, held § 30116(a)(1)(C) cannot constitutionally limit contributions from individuals to SuperPACs, which are political committees which exclusively make independent expenditures. The court explained that, since *Citizens United* held independent expenditures do not raise a risk of actual or

5

apparent *quid pro quo* corruption, contributions to entities which exclusively make independent expenditures cannot raise a risk of corruption, either. The Government therefore lacks a constitutionally sufficient basis for limiting contributions to SuperPACs.

26.     In *Commonsense Ten*, A.O. 2010-11, at 3 (July 22, 2010), the FEC construed *SpeechNow.org* to mean political committees such as multicandidate PACs likewise "may make unlimited contributions to organizations . . . that make only independent expenditures."

27.     BCRA also prohibits any corporation from making any "contribution or expenditure in connection with any election to any political office." 52 U.S.C. § 30118(a). *Commonsense Ten* further concluded, under *SpeechNow.org*, this restriction does not prohibit corporations or labor unions from making contributions to SuperPACs. *Commonsense Ten*, A.O. 2010-11, at 3.

28.     If Mace were not a state officeholder, she would be permitted to create, maintain, and control her Proposed SuperPAC as described above, including accepting unlimited contributions from both individuals and corporations notwithstanding 52 U.S.C. § 30116(a) and 30118, and using those funds to subsidize the Proposed SuperPAC's independent expenditures.

29.     A separate provision of BCRA, 52 U.S.C. § 30125(f)(1), the "State Officeholder Prohibition," nevertheless prevents Mace from establishing and controlling her Proposed SuperPAC as described above. The State Officeholder Provision states, "[An] individual holding State or local office, or agent of such a candidate or individual may not spend any funds for a communication described in [52 U.S.C. § 30101(20)(A)(iii)] unless the funds are subject to the limitations, prohibitions, and reporting requirements of this act."

30.     Section 30101(20)(A)(iii) encompasses any "*public communication* that refers to a *clearly identified candidate* for Federal office (regardless of whether a candidate for State or local

office is also mentioned or identified) and that promotes or supports a candidate for that office, or attacks or opposes a candidate for that office (regardless of whether the communication expressly advocates a vote for or against a candidate)." 52 U.S.C. § 30101(20)(A)(iii) (emphasis added).

31.     The term "public communication" is defined as a communication by means of any broadcast, cable, or satellite communication, newspaper, magazine, outdoor advertising facility, mass mailing, or telephone bank to the general public, or any other form of general public political advertising." 52 U.S.C. § 30101(22).

32.     A candidate is deemed to be "clearly identified" if the candidate's name, photograph, or drawing appears in a communication, or the candidate's identity is "apparent by unambiguous reference." 52 U.S.C. § 30101(18)(A)-(C).

33.     The expenditures Mace wishes to direct her Proposed SuperPAC to make would be "public communications" since they would occur through one or more of the following media: broadcast, cable, or satellite, newspapers, magazines, outdoor advertising facilities, mass mailings, telephone banks to the general public, or other forms of general public political advertising.

34.     The expenditures Mace wishes to direct her Proposed SuperPAC to make would support or oppose "clearly identified" candidates for federal office. Such expenditures would therefore fall within 52 U.S.C. § 30101(20)(A)(iii).

35.     In short, Mace wishes to create a SuperPAC to solicit and accept funds in excess of $5,000 annually from individuals, as well as from corporations, and to use those funds, subject to her direction and control, to pay for independent expenditures described within 52 U.S.C. § 30101(20)(A)(iii). This intended course of action is prohibited by the State Officeholder Prohibition, 52 U.S.C. § 30125(f)(1).

36.     On April 5, 2018, Mace submitted an Advisory Opinion Request to the FEC asking if the State Officeholder Prohibition prevents her from creating and operating the Proposed SuperPAC as described above. Less than two months later, on May 24, 2018, the FEC issued an advisory opinion concluding "the proposed political committee would be acting as Representative Mace's agent in making the proposed public communications, and thus may not use contributions from corporations or from individuals in amounts above the Act's contribution limits to pay for such public communications." FEC, *Nancy Mace*, A.O. 2018-07, at 1 (May 24, 2018).

37.     The FEC began by holding that, because Mace will "exclusively direct all of the [Proposed SuperPAC's] public communications," it would be her agent for purposes of the State Officeholder Prohibition. *Id*. at 3. Mace does not disagree with this conclusion.

38.     The FEC went on to conclude that, while the Proposed SuperPAC "may accept unlimited funds from individuals, corporations, and labor unions," it "may only use funds that are subject to the limits, prohibitions, and reporting requirements of the Act to pay for public communications that promote, support, attack, or oppose a clearly identified federal candidate." *Id*. at 4-5.

39.     The FEC noted it "lacks authority" to determine § 30125(f)(1)'s constitutionality "in the absence of a court decision" specifically addressing the issue. *Id*. at 5.

## CAUSES OF ACTION

### COUNT I
### AS-APPLIED FIRST AMENDMENT CHALLENGE TO
### STATE OFFICEHOLDER PROHIBITION

40.    Plaintiff hereby incorporates by reference and re-alleges the allegations in the preceding paragraphs.

41.    The State Officeholder Prohibition, 52 U.S.C. § 30125(f)(1), violates the First Amendment, as construed by *Citizens United* and *SpeechNow.org*, as applied to independent expenditures by SuperPACs (*i.e.*, political committees that neither make political contributions to federal, state, or local candidates, nor engage in coordinated expenditures with federal candidates) created, maintained, or controlled by state candidates or officeholders.

42.    Although a divided U.S. Supreme Court upheld the facial constitutionality of § 30125(f)(1) in *McConnell v. FEC*, it did not consider the statute's applicability to SuperPACs because such entities had not yet been recognized at the time of the Court's ruling in 2003.

43.    In any event, the Court's ruling seven years later in *Citizens United* rejected *McConnell*'s sweeping conception of corruption.

44.    *McConnell*, 540 U.S. at 185, upheld § 30125(f)(1) in part to "prevent[] circumvention of otherwise valid contribution limits." Such concerns do not arise with regard to SuperPACs, since they cannot make contributions to candidates or political party committees.

45.    *McConnell*, 540 U.S. at 184, also held that subsidizing the cost of public communications referring to federal officials has "the greatest potential to corrupt or give rise to the appearance of corruption of federal candidates and officeholders." Again, however, *Citizens United* and *SpeechNow* hold that independent expenditures categorically do not give rise to a risk

of actual or apparent *quid pro quo* corruption. Consequently, *McConnell*'s analysis of § 30125(f)(1) is inapposite to Mace's constitutional challenge.

46.     The D.C. Circuit's reasoning in *SpeechNow.org* applies with full force to Mace's Proposed SuperPAC. Neither contributions to, nor expenditures by, Mace's Proposed SuperPAC present a risk of actual or apparent *quid pro quo* corruption.

WHEREFORE, Plaintiff Nancy Mace is entitled to a declaratory judgment that 52 U.S.C. § 30125(f)(1) is unconstitutional as applied to SuperPACs created, maintained, and operated by state officeholders and candidates, and an injunction barring the FEC from enforcing § 30125(f)(1) under such circumstances.

## COUNT II
## FACIAL FIRST AMENDMENT CHALLENGE TO
## STATE OFFICEHOLDER PROHIBITION

47.     Plaintiff hereby incorporates by reference and re-alleges the allegations in the preceding paragraphs.

48.     The State Officeholder Prohibition, 52 U.S.C. § 30125(f)(1), violates the First Amendment on its face.

49.     The State Officeholder Prohibition is based on a sweeping conception of corruption the Supreme Court rejected in *Citizens United*.

50.     The State Officeholder Prohibition also violates *Citizens United*, 558 U.S. at 341, by creating a class of "disfavored speakers"—state officeholders and candidates—who are among the only people not permitted to establish and control SuperPACs.

51.     No record evidence exists to suggest the State Officeholder Prohibition actually plays a role in preventing actual or apparent *quid pro quo* corruption. Mere speculation and assumption are insufficient to justify a restriction on contributions or expenditures.

52. The State Officeholder Prohibition reflects a third-level "prophylaxis-upon prophylaxis" approach the Supreme Court rejected in *McCutcheon v. FEC*, 572 U.S. 185, 221 (2014).

53. The State Officeholder Prohibition, on its face, is a prohibition on the expenditure of funds that were legally raised. Since the seminal case of *Buckley v. Valeo*, 424 U.S. 1, 44-45 (1976), independent expenditure restrictions have been subject to strict scrutiny and invariably held unconstitutional.

WHEREFORE, Plaintiff Nancy Mace is entitled to a declaratory judgment that 52 U.S.C. § 30125(f)(1) is facially unconstitutional and an injunction barring the FEC from enforcing it.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Convening of a three-judge Court to consider this case, pursuant to BCRA, § 403(a)(1);

2. Advancement of this case on the Court's docket and expedited consideration to the greatest extent possible pursuant to BCRA, § 403(a)(4);

3. Preliminary and permanent injunctions prohibiting the FEC from applying 52 U.S.C. § 30125(f)(1), or any regulations implementing that statute, either:

    a. under any circumstances, or

    b. specifically to any political committee that makes independent expenditures; does not make contributions to federal, state, or local candidates; does not engage in coordinated expenditures with federal candidates; and is created, maintained, and/or operated by a state officeholder or candidate.

4. A declaratory judgment holding 52 U.S.C. § 30125(f)(1) is unconstitutional either:

a.    facially, or

b.    as applied to any political committee that makes independent expenditures; does not make contributions to federal, state, or local candidates; does not engage in coordinated expenditures with federal candidates; and is created, maintained, and/or operated by a state officeholder or candidate.

5.    Costs and attorneys' fees pursuant to any applicable statute or other authority; and

6.    Such other relief as this Court deems just and equitable.

Respectfully submitted,

Dated November 8, 2018

/s/ Dan Backer
Dan Backer, DC Bar #996641
POLITICAL.LAW PLLC
441 N. Lee St., Suite 300
Alexandria, VA 22314
Phone: (202) 210-5431
Fax: (202) 478-0750
dan@political.law

*Counsel for Plaintiff Nancy Mace*